

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00204-CR

**BRIAN COOK,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 52nd District Court
Coryell County, Texas
Trial Court No. FISC-11-20887**

## ABATEMENT ORDER

On August 30, 2011, appellant was charged by indictment with aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (West Supp. 2012). Prior to trial, appellant executed a financial affidavit, wherein he averred that he is "without means to employ counsel of my own choosing[,] and I hereby request the court to appoint counsel for me." The trial court determined that appellant is indigent and appointed counsel.

Appellant subsequently entered an open plea of guilty to the charged offense. The trial court accepted appellant's plea and sentenced him to twelve years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with no fine. In addition, the trial court ordered that appellant pay $599.00 in court costs. An order to withdraw funds from appellant's inmate account was incorporated in the judgment.[1] However, the Clerk's Record does not contain a certified bill of costs.

In his appellant's brief, appellant argues that the evidence is insufficient to support the amount of court costs assessed by the trial court in this case. Appellant also contends that the trial court erred by assessing court costs when there was no bill of costs prepared, though required by article 103.001 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006).

A review of the record demonstrates that appellant did not object to the amount of costs in the trial court or the procedure by which the amount of costs was determined. However, the Texas Court of Criminal Appeals has held that no such objection is required to raise an appellate challenge to the sufficiency of the evidence to support the award of costs. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). We review the sufficiency of the evidence to support the award of costs by viewing all record evidence in the light most favorable to the award. *Id.* at 557.

Appellant's arguments are premised entirely on the fact that when the Clerk's Record was prepared, no bill of costs was included. Article 103.001 of the Texas Code

---

[1] The following terms are listed at the bottom of the order to withdraw funds: "NEW BILL OF COSTS." In any event, the record does not contain an itemized list of costs.

of Criminal Procedure provides that: "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001. Moreover, article 103.009(a)(1) states that the district clerk is required to "keep a fee record," which must contain "a statement of each fee or item of cost charged for a service rendered in a criminal action or proceeding. *See id.* art. 103.009(a)(1) (West 2006); *see also Thomas v. State*, No. 01-12-00487-CR, 2013 Tex. App. LEXIS 2989, at *2 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.); *Cardenas v. State*, No. 01-11-01123-CR, 2013 Tex. App. LEXIS 2980, at *12 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.) (op. on reh'g). Furthermore, article 103.006 provides that "[i]f a criminal action . . . is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006).

No document constituting a bill of costs in this case has been created, certified, signed, and sent to this Court by the time appellant filed his appellant's brief, wherein he objected to the sufficiency of the evidence supporting the assessment of court costs.[2] Nevertheless, the rules of appellate procedure provide that "[a] court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the

---

[2] Unless relevant, a bill of costs is not normally required to be part of an appellate record in a criminal case. *Cf.* TEX. R. APP. P. 34.5(a)(11) (requiring that a bill of costs be included in the Clerk's Record in civil cases); *see also Gonzales v. State*, No. 07-10-00383-CR, 2012 Tex. App. LEXIS 6905, at **4-5 (Tex. App.—Amarillo Aug. 17, 2012, pet. ref'd) (mem. op., not designated for publication).

defects or irregularities." TEX. R. APP. P. 44.3. Moreover, we are specifically authorized to direct the trial court clerk to supplement the record with any relevant omitted item. *See id.* at R. 34.5(c)(1), (3); *see also Cardenas*, 2013 Tex. App. LEXIS 2980, at *13.

Accordingly, based upon these authorities, and to facilitate our review of this case, we abate and remand this proceeding for the trial court clerk "to prepare, certify, and file a supplemental record containing a bill of costs," and in the event no bill of costs then existed, we order "the trial court clerk or an officer of the court . . . to prepare a bill of costs for inclusion in the supplemental record." *See, e.g., Thomas*, 2013 Tex. App. LEXIS 2989, at **2-3; *Cardenas*, 2013 Tex. App. LEXIS 2980, at **13-14 (ordering the supplementation of the Clerk's Record with a proper bill of costs and noting that "article 103.006 does contemplate that a bill of costs shall be certified, signed, and sent upon the appeal of a criminal action, which necessarily occurs after the entry of a final judgment" in rejecting appellant's argument that a supplemented bill of costs cannot be considered on appeal); *Jones v. State*, No. 06-12-00107-CR, 2013 Tex. App. LEXIS 2832, at *16 (Tex. App.—Texarkana Mar. 19, 2013, no pet. h.) (mem. op., not designated for publication) ("We conclude, however, that supplementation with a newly created bill of costs is not prohibited by this general rule [i.e., supplementation rules cannot be used to create new evidence]. Unlike actions taken by the trial court after an appellate record has been filed, there appears to be no authority limiting the district clerk's jurisdiction to prepare the bill of costs after an appellate record has been filed".). The supplemental clerk's record required by the above-mentioned rules, if any, is ordered to be filed within 42 days of the date of this Order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal abated
Order issued and filed April 18, 2013
Do not publish
[CR25]