**Opinion issued August 6, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00862-CR

————————————

**RAUL AVALOS GUZMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1187487**

## MEMORANDUM OPINION ON REHEARING

We withdraw our opinion and judgment of April 11, and issue the following in their stead. Our disposition of the case remains unchanged. Appellant Raul Avalos Guzman has moved for rehearing and en banc consideration. The panel denies Guzman's motion for rehearing. A majority of the court having voted to

deny en banc consideration, the court denies Guzman's motion for en banc consideration.

Guzman pleaded guilty to aggravated sexual assault of a child, and the trial court assessed punishment at forty-five years' confinement.[1] The written judgment ordered that Guzman pay $530 in court costs. On appeal, Guzman contends that insufficient evidence supports the trial court's assessment of court costs in the judgment. Guzman requested a bill of costs in his request for the Clerk's Record, but none was produced. We ordered the trial court to provide or create a bill of costs. The trial court clerk has supplemented the record with a bill of costs. We hold that sufficient evidence supports the costs recited in the original judgment and therefore affirm.

## Discussion

Guzman contends that the $530 award of court costs recited in the judgment is not supported by sufficient evidence. The district clerk must keep a record of each fee or item of cost charged for a service rendered in a criminal action or proceeding. TEX. CODE. CRIM. PROC. ANN. art. 103.009(a)(1) (West 2006). If a

---

[1] Guzman pleaded guilty to another count of aggravated sexual assault of a minor in the same proceeding, for which he is serving a concurrent forty-five year sentence. Guzman perfected appeal of that count, pro se, and on appeal, we affirmed the conviction after appointed counsel filed an *Anders* brief and was allowed to withdraw. *Guzman v. State*, 01-09-00934-CR, 2010 WL 4910207 (Tex. App.—Houston [1st Dist.] Dec. 2, 2010,  no pet.) (mem. op., not designated for publication). Guzman failed to timely perfect appeal on this count, and the Court of Criminal Appeals granted him this out-of-time appeal in a habeas corpus proceeding. *See Ex parte Guzman*, No. AP-76613, 2011 WL 3759785, *1 (Tex. Crim. App. Aug. 24, 2011).

criminal action is appealed, an officer of the court must certify and sign a bill of costs and send it to the court to which the action is appealed. TEX. CODE CRIM. PROC. ANN. art. 103.006. We may direct the trial court clerk to supplement the record with any relevant omitted item. TEX. R. APP. P. 34.5(c); *see Cardenas v. State*, 01–11–01123–CR, 2013 WL 1164365, at \*4 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.).

Sufficient evidence must support an assessment of costs in a bill of costs or judgment. *See Mayer v. State*, 309 S.W.3d 552, 554–56 (Tex. Crim. App. 2010); *Owen v. State*, 352 S.W.3d 542, 548 (Tex. App.—Amarillo 2011, no pet.) (holding assessment of costs supported by sufficient evidence when authorized by statute and supported by record). We review the record in the light most favorable to the award in measuring the sufficiency of the evidence to support an assessment of costs. *See Mayer*, 309 S.W.3d 557.

We ordered the trial court clerk "to prepare, certify, and file a supplemental record containing a bill of costs," and if no bill of costs existed, we ordered "the trial court clerk or an officer of the court . . . to prepare a bill of costs for inclusion in the supplemental record." *See Cardenas*, 2013 WL 1164365 at \*4. In response, the trial court provided a document entitled "Cost Bill Assessment." This assessment itemizes various costs incurred in Guzman's case and calculates a total of $530—the amount of costs listed in the judgment. Each item of cost listed in the

assessment is authorized by statute and supported by the record.

The assessment lists a "Sheriffs Fee" of $65, which consists of $50 for "Serving Capias,"[2] $5 for "Commitment,"[3] $5 for "Release,"[4] and $5 for "Arrest W/O Warrant/Capias."[5] Each item of costs is supported by the record. Guzman was convicted of a felony in district court, and therefore the record supports each of the following costs listed in the assessment: "Clerks Fee" of 40;[6] "Security Fee" of $5;[7] "Consolidated Court Costs" of $133;[8] "Jury Reimbursement Fee" of $4;[9]

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $50 for executing or processing an issued arrest warrant, capias, or capias pro fine . . . .").

[3] *See id*. art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . .").

[4] *See id*. ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . .").

[5] *See id*. art. 102.011(a)(1) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for . . . making an arrest without a warrant . . . .").

[6] *See* TEX. CRIM. PROC. CODE ANN. art. 102.005(a) ("A defendant convicted of an offense in . . . a district court shall pay for the services of the clerk of the court a fee of $40.").

[7] *See* TEX. CODE CRIM. PROC. ANN. art. 102.017(a) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court.").

"DC Records Preservation" of $25;[10] "Support of Indigent Defense": $2;[11] and "Support of Judiciary Fee" of $6.[12]

Finally, the state charged Guzman with the sexual assault of a child under section 22.011 of the Texas Penal Code, one of the provisions for which a DNA record is required pursuant to section 411.1471 of the Texas Government Code.

---

[8] *See* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (entitled "Consolidated Fees on Conviction," and providing: "A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $133 on conviction of a felony . . .).

[9] *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code.").

[10] *See id*. art. 102.005(f) ("A defendant convicted of an offense in a . . . district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code.").

[11] *See* TEX. LOC. GOV'T CODE ANN. § 133.107(a) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code.").

[12] *See id*. § 133.105(a) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary.").

Therefore, the trial court properly assessed a "DNA Record Fee" of $250.[13] The sum of these costs is $530, the amount the judgment ordered Guzman to pay. Therefore, sufficient evidence supports the assessment of costs in the judgment. *See* TEX. CODE CRIM. PROC. ANN. art 103.009(c); *Owen*, 352 S.W.3d at 548.

Guzman contends that permitting a bill of costs to be produced after the judgment denies him due process in that he may not object to any costs assessed in the bill of costs. However, Guzman has not been denied an opportunity to challenge the costs listed in the bill of costs. *See Cardenas*, 2013 WL 1164365 at *4; *Thomas v. State*, No. 01-12-00487-CR, 2013 WL 1163980, at *2 (Tex. App.—Houston [1st Dist.] March 21, 2013, no pet. h.). A contemporaneous objection in the trial court is not required to contest costs on direct appeal. *See Mayer*, 309 S.W.3d at 555–56. Guzman therefore was not procedurally prejudiced by his alleged inability to raise his objections in the trial court.

Despite the lack of a written bill of costs, completely apart from the availability of direct appeal, Guzman could also seek correction of an error in costs by moving to correct costs in the trial court. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008(a) ("On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the

---

[13] *See* TEX. CRIM. PROC. CODE ANN. art. 102.020(a)(1) ("A person shall pay as cost of court: (1) $250 on conviction of an offense listed in Section 411.1471(a)(1), Government Code.").

court in which the case is pending or was last pending shall correct any error in the costs."). A civil post-judgment hearing to collect costs provides still another due process avenue to prevent erroneous deprivation via clerical or other errors. *See Harrell v. State*, 286 S.W.3d 315, 320–21 (Tex. 2009).

**Conclusion**

We hold that sufficient evidence supports the assessment of costs in the judgment. We therefore affirm the judgment of the trial court. We deny any pending motions as moot.


Jane Bland
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).