**Opinion issued September 12, 2013.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00243-CR

———————————

**BRODRECK HEARNE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

———————————

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1330405**

———————————

## OPINION

Brodreck Lee Hearne pleaded guilty to the felony offense of injury to a child without an agreed recommendation as to punishment. After a bench trial on punishment, the trial court sentenced Hearne to fifteen years' confinement. The

written judgment ordered that Hearne pay $234 in court costs.  On appeal, Hearne contends that insufficient evidence supports the trial court's assessment of court costs in the judgment absent a bill of costs.  Specifically, he contends that "no documentation" supports the court costs and that "[t]here is no certified bill of costs in the appellate record."  After receiving the parties' briefs, this court ordered the trial court clerk to supplement the record with a bill of costs.  The trial court clerk has supplemented the record with a document titled "J.I.M.S. Supplemental Costs Bill Assessment," identifying each cost assessed.  We hold that sufficient evidence supports the costs recited in the original judgment and, therefore, affirm.

**Discussion**

Chapter 103 of the Texas Code of Criminal Procedure, entitled "Collection and Recordkeeping," governs those two aspects of costs in criminal cases.  TEX. CODE. CRIM. PROC. ANN. arts. 103.001–.012 (West 2006 & Supp. 2012); *see Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *4 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, pet. granted).  The clerk of the court must keep a record of each fee or item of cost charged for a service rendered in a criminal action or proceeding. TEX. CODE. CRIM. PROC. ANN. art. 103.009(a)(1) (West 2006).  If a criminal action or proceeding is appealed, "an officer of the court shall certify and sign a bill of costs stating the costs that have accrued" and send it to the

2

court to which the action is appealed. *Id.* art. 103.006. When, as in this case, the bill of costs was not sent to this court and made part of the record, we may direct the trial court clerk to supplement the record with the bill of costs. TEX. R. APP. P. 34.5(c); *Cardenas*, 2013 WL 1164365, at *4; *Thomas v. State*, No. 01-12-00487-CR, 2013 WL 1163980, at *1 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no. pet.).

We review the sufficiency of the evidence supporting the award of costs in the light most favorable to the trial court's judgment. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas*, 2013 WL 1164365, at *4; *Thomas*, 2013 WL 1163980, at *3. The record shows the district court convicted Hearne of a felony, supporting each of the following costs listed in the cost assessment: "Clerks Fee" of $40;[1] "Security Fee" of $5;[2] "Consolidated Court Costs" of $133;[3] "Jury Reimbursement Fee" of $4;[4] "DC Records Preservation"

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (West 2006) ("A defendant convicted of an offense in . . . a district court shall pay for the services of the clerk of the court a fee of $40.").

[2] *See id.* 102.017(a) (West Supp. 2012) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court.").

[3] *See* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2012) (entitled "Consolidated Fees on Conviction," which provides: "A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $133 on conviction of a felony . . . .").

3

fee of $25;[5] "Support of Indigent Defense" fee of $2;[6] "Support of Judiciary Fee" of $6;[7] and a "Court Technology Fund Fee" of $4.[8] The cost assessment also lists a $5 fee for "Arrest W/O Warrant/Capias,"[9] a $5 fee for "Commitment,"[10] and a $5

---

[4]   *See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (West Supp. 2012) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code.").

[5]   *See id.* art. 102.005(f) ("A defendant convicted of an offense in a . . . district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code.").

[6]   *See* TEX. LOC. GOV'T CODE ANN. § 133.107(a) (West Supp. 2012) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code.").

[7]   *See id.* § 133.105(a) (West 2006) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary.").

[8]   *See* TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (West Supp. 2012) ("A defendant convicted of a criminal offense in a . . . district court shall pay a $4 . . . district court technology fee as a cost of court.").

[9]   *See id.* art. 102.011(a)(1) (West Supp. 2012) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 . . . . for making an arrest without a warrant.).

[10]  *See id.* art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . .").

fee for "Release."[11]   The sum of these costs is $234, the amount the trial court assessed as costs.   Accordingly, we hold that sufficient evidence supports the judgment assessing costs of $234.  *See Cardenas*, 2013 WL 1164365, at *6–7 (holding assessment of costs supported by sufficient evidence when costs consisted of statutorily mandated costs and record supported imposition of those costs); *Thomas*, 2013 WL 1163980, at *3–4 (same); *Owen v. State*, 352 S.W.3d 542, 547–48 (Tex. App.—Amarillo 2011, no pet.) (same).

**Conclusion**

We affirm the judgment of the trial court.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.
Justice Keyes, concurring.
Publish.  TEX. R. APP. P. 47.2(b).

---

[11]  *See id.*