# NO. 12-14-00195-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DWAYNE SPANGLER,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Dwayne Spangler appeals his conviction for possession of a controlled substance. In his sole issue on appeal, he contends that the evidence does not provide a basis to support a "warrant fee" assessed against him in the amount of $50.00. We modify the trial court's judgment, and affirm as modified.

## BACKGROUND

In 2013, Appellant was indicted for possession of a controlled substance, a state jail felony as alleged in the indictment. Appellant pleaded "guilty" to the charged offense pursuant to a plea agreement with the State. The trial court accepted Appellant's plea and deferred a finding of guilt. In accordance with the plea agreement, the trial court placed Appellant on deferred adjudication community supervision for a period of two years.

In 2014, the State filed a motion to adjudicate Appellant's guilt, alleging that he violated the terms of his community supervision. Specifically, the State alleged in the motion that Appellant used a controlled substance, failed to complete the Drug Offender Education Program, and failed to complete a substance abuse and counseling program. Appellant pleaded "true" to the allegations in the State's motion. Accordingly, the trial court adjudicated Appellant's guilt,

found him guilty, revoked his community supervision, and assessed his punishment at fourteen months of confinement in a state jail facility. This appeal followed.

## BILL OF COSTS

In his sole issue, Appellant argues that the evidence is insufficient to support the assessment of a $50.00 "warrant fee" against him. The State concedes that there is no basis to support the fee.

We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional evidentiary sufficiency principles do not apply. *See* ***Johnson v. State***, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). We review the evidence supporting the award of costs in the light most favorable to the trial court's judgment. *See* ***Mayer v. State***, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); ***Cardenas v. State***, 403 S.W.3d 377, 385 (Tex. App.—Houston [1st Dist.] 2013), *aff'd,* 423 S.W.3d 396 (Tex. Crim. App. 2014).

A defendant convicted of a felony offense must pay certain statutorily mandated costs and fees. *See* ***Johnson***, 423 S.W.3d at 394. As relevant here, a defendant convicted of a felony shall pay a fee in the amount of $50.00 for services performed in the case by a peace officer for executing or processing an issued arrest warrant, capias, or capias pro fine. *See* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(2) (West Supp. 2014).

The record shows that Appellant was arrested "on sight," and it does not show that any warrant was executed or processed against him. The State concedes it was improper to assess the warrant fee against Appellant. The record shows a basis to support mandatory and discretionary statutory fees in the amount of $358.00. This amount is exactly $50.00 less than the $408.00 in costs identified in the clerk's prepared bill of costs. Appellant has paid part of the court costs. The clerk's bill of costs shows a balance of $368.00. Since there is no basis to support the warrant fee of $50.00, the trial court's judgment and its attached order to withdraw funds should be modified to reflect that Appellant owes court costs in the amount of $318.00.

Appellant's sole issue is sustained.

## DISPOSITION

Having sustained Appellant's sole issue, we ***modify*** the judgment of the trial court, along with its attached order to withdraw funds, to reflect that Appellant owes court costs in the amount of $318.00, and ***affirm*** as modified. *See* TEX. R. APP. P. 43.2(b).

<u>JAMES T. WORTHEN</u>
Chief Justice

Opinion delivered May 20, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 20, 2015**

**NO. 12-14-00195-CR**

**DWAYNE SPANGLER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1553-13)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below, along with its attached order to withdraw funds, be **modified** to reflect that Appellant owes court costs in the amount of $318.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*