**Concurring opinion issued December 15, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00592-CR

_____

**EDUARDO MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1031995**

---

## CONCURRING OPINION

I concur in the judgment and join the court's opinion, which is premised correctly on the factual basis for assessing the court costs as revealed in the appellate record—reasoning suggested by the State only as an alternative argument relegated to a footnote. I write separately to squarely address the State's main argument: that

our appellate review "of court costs on appeal to determine if there is a basis for the cost"[1] can be satisfied by simply confirming that "the payment of court costs is mandated by the legislature."[2] I disagree with this interpretation of the scope of review required by *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

*Johnson* stands for the proposition that we don't review an assessment of court costs by applying the same due-process standard described in *Jackson v. Virginia*[3] and *Brooks v. State*[4] to evaluate whether the trial record contains sufficient evidentiary proof of a defendant's guilt before a criminal conviction will be sustained.[5] But that doesn't mean the assessment of costs requires no factual basis whatsoever in the procedural history of the case.

Nothing in *Johnson* suggests, as the State argues in this appeal, that the mere statutory authorization to charge a particular type of fee is itself a sufficient "basis" to affirm the assessment of court costs, without reference to the facts. To the contrary, *Johnson* expressly held: "a specific amount of court costs need not be

---

[1]     *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014).

[2]     State's Appellate Brief at 9.

[3]     443 U.S. 307, 99 S. Ct. 2781 (1979).

[4]     323 S.W.3d 893 (Tex. Crim. App. 2010).

[5]     *See Johnson*, 423 S.W.3d at 389–90.

2

supported by a bill of costs in the appellate record for a reviewing court to conclude that the assessed court costs *are supported by facts in the record*."[6] These "facts in the record" could take many forms which might not satisfy the rules of evidence if they were offered at trial as formal proof of the underlying facts justifying the fee.[7]

In sum, statutory authority to charge a fee is not a fully adequate "basis" upon which the State can rely in response to a challenge to an assessment of court costs. To the extent any other courts may have suggested that is the rule,[8] we should not follow them.


Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Justice Massengale, concurring.

Publish. TEX. R. APP. P. 47.2(b).

---

[6]  423 S.W.3d at 395 (emphasis supplied).

[7]  *See, e.g.*, *Cardenas v. State*, 403 S.W.3d 377, 388–89 (Tex. App.—Houston [1st Dist.] 2013) (observing that even without the "roadmap" provided by a bill of costs, "the clerk's record generated in the trial court through the entry of judgment" demonstrated "facts and circumstances sufficient to justify" the full measure of costs assessed in the case), *aff'd*, 423 S.W.3d 396 (Tex. Crim. App. 2014).

[8]  *See, e.g.*, *Hunter v. State*, No. 14-15-00575-CR, 2016 WL 675327, at *2 (Tex. App.—Houston [14th Dist.] Feb. 18, 2016, no pet.) (per curiam) ("Because the sheriff's fee has a basis in law, the fee will remain in the judgment.").