**Opinion issued May 9, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00894-CR
_____

**KETRICK MORRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 184th District Court
Harris County, Texas
Trial Court Case No. 1337241

## MEMORANDUM OPINION

Without a sentencing recommendation from the State, appellant Ketrick

Morris pleaded guilty to the felony offense of aggravated robbery with a deadly

weapon. Following the preparation of a presentence investigation report, the trial

court conducted a sentencing hearing. At the hearing, the trial court announced that it had determined the evidence to be sufficient to find appellant guilty of the offense. The court sentenced him to 18 years in prison.

In its August 23, 2012 judgment, the trial court ordered appellant to pay court costs of $279.00.[1] Appellant filed a notice of appeal. He filed a "designation of Clerk's Record" in which he included a request for "[t]he bill of costs reflecting all fees and costs assigned to Defendant post-conviction." The original clerk's record did not contain a bill of costs. Presenting one issue on appeal, appellant asserted in his opening brief that there is "insufficient evidence" to support the court costs imposed by the trial court.

The district clerk then filed a supplemental record containing a bill of costs. The bill reflects that appellant owed costs of $279, the same amount the trial court ordered appellant to pay.[2] Appellant filed in this Court his "Objection to Supplemental Record on Appeal."

---

[1] Because appellant has limited his issue on appeal to one challenging court costs, we do not discuss the evidence offered at the sentencing hearing or the facts underlying the offense.

[2] The document contained in the supplemental record indicates that it is from the Harris County Clerk's Justice Information Management Systems, commonly referred to by its acronym "JIMS." The document, entitled "JIMS Cost Bill Assessment," itemizes the various costs assessed in appellant's case. The costs are listed on two pages. We note that Code of Criminal Procedure article 103.009(a) requires the clerk of a court to keep a fee record; however, there is no indication

In the objection, appellant argued that permitting a bill of costs to be produced after rendition of judgment denies him due process because he did not have the opportunity to object in the trial court to any costs assessed in the bill. Appellant relies on the *Harrell v. State* in making this argument. 286 S.W.3d 315 (Tex. 2009). Recently, in *Cardenas v. State*, we explained, "*Harrell* is procedurally distinguishable because it was a civil proceeding filed by a prison inmate who challenged the withdrawal of funds from his trust account to pay court costs, but did not challenge the amount of costs assessed." No. 01–11–01123–CR, 2013 WL 1164365, at *5 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet. h.) (citing *Harrell*, 286 S.W.3d at 316–17). We acknowledged that an appellant in a direct criminal appeal, challenging the assessment of court costs, may raise the issue on appeal even though he did not make the objection in the trial court. *Id.* For this reason, we stated that "Cardenas was not procedurally prejudiced by his alleged inability to raise his objections in the trial court." *Id.*

We also noted that there is a separate procedural avenue to seek correction of any error in the assessed costs. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 103.008(a) ("On the filing of a motion by a defendant not later than one year after the date of the final disposition of a case in which costs were imposed, the court in which the case is pending or was last pending shall correct any error in the

that the fee record cannot be kept electronically. *See* TEX. CODE CRIM. PROC. ANN. art. 103.009(a) (Vernon 2006).

3

costs.")). We explained that "*Harrell* did not address the article 103.008 procedure for correcting court costs. And in any case, that opinion does not purport to specify the only means by which a criminal defendant can contest an assessment of court costs." *Id.* We held that an appellant's ability to contest the assessment of costs for the first time on appeal and the availability of the article 103.008 review process provide an appellant with adequate due process, irrespective of his alleged inability to object in the trial court to the specific fees identified in the later-generated bill of costs. *See id.*

Appellant also intimates that it is not appropriate for a bill of costs to be "created" after the trial court had rendered judgment. Code of Criminal Procedure article 103.006 provides that "[i]f a criminal action . . . is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the court to which the action or proceeding is transferred or appealed." TEX. CODE PROC. ANN. art. 103.006 (Vernon 2006). Pursuant to the language of article 103.006, a bill of costs shall be certified, signed, and sent on the appeal of a criminal action, which necessarily occurs after rendition of a final judgment. Thus, the statute appears to contemplate that a bill of costs will be generated *after* rendition of the judgment; that is, at the time the judgment is appealed. *See Cardenas*, 2013 WL 1164365, at *4–5.

4

After the supplemental clerk's record was filed, the State filed its response brief. In its original response brief, the State asserted that appellant's complaint is not ripe for appellate review. The ripeness doctrine protects against judicial interference until a decision has been formalized and its effects felt in a concrete way by the challenging parties. *State ex rel. Watkins v. Creuzot*, 352 S.W.3d 493, 504 (Tex. Crim. App. 2011). To determine whether an issue is ripe for adjudication, we evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *Id*.

The State asserts that the issue is not ripe because appellant has not been asked to pay the costs. The State pointed out that appellant is not required to pay the court costs until a bill of costs has been produced. *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (Vernon 2010) (providing that a cost is not payable by person charged until a bill of costs is produced or ready to be produced). However, the supplemental record contains a bill of costs. The State also suggests that the issue is not ripe because Government Code section 501.014(e) requires the trial court to issue a notification of withdrawal before funds may be withdrawn from an inmate account. *See* TEX. GOV'T CODE ANN. § 501.014(e) (Vernon 2012). But Government Code section 501.014(e)(4) also indicates that a withdrawal notification can be issued to pay "in full . . . all orders for court fees and costs." *Id*. Because the amount of costs ordered in the judgment may serve as a basis to issue

a withdrawal notification, and a bill of costs has been produced, appellant's challenge to the portion of the judgment ordering him to pay costs is ripe for appellate review. Additionally, the State asserts that "an inmate may appeal a trial court's order either granting or denying a motion to confirm, modify, correct, or rescind a prior withdrawal notification." *See Hodo v. State*, No. 07-10-00120-CV, 2010 WL 2427426 at *3 (Tex. App.—Amarillo June 17, 2010, no pet.) (mem. op., not designated for publication). We do not perceive the availability of additional or alternative remedies as negating the ripeness of appellant's direct appellate challenge to costs assessed in the judgment.

On February 15, 2013, the district clerk's office filed a second supplemental clerk's record. The record contains an amended bill of costs. The amended bill provides that costs in this case total $234, rather than the $279 reflected in the earlier filed bill of costs and the August 23, 2012 judgment. On February 7, 2012, the trial court signed a judgment nunc pro tunc on its own motion to correct the amount of costs assessed against appellant. The judgment nunc pro tunc reflects a costs assessment of $234. It is also included in the second supplemental clerk's record.

Appellant filed his "Second Objection to Supplemental Record on Appeal." In this filing, appellant asserts that it was not appropriate for the trial court to sign a

judgment nunc pro tunc.[3]  A nunc pro tunc judgment allows the trial court to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record.  *Blanton v. State*, 369 S.W.3d 894, 897–98 (Tex. Crim. App. 2012).  "Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning."  *Id.* at 898.  Appellant contends that it was not appropriate for the trial court to sign the nunc pro tunc judgment because it corrected a judicial error not a clerical error.  However, we need not make this determination.

---

[3]    Appellant also complains that the amended bill of costs is flawed because the signature on the bill does not identify whether the person who signed it is an officer who charged the cost or an officer who is entitled to payment for the cost.  *See* TEX. CODE CRIM. PROC. ANN. art. 103.001 (Vernon 2006) (specifying that the bill of costs is to be "signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost").  The amended bill of costs was filed in a supplemental record with this Court.  The documents in the supplemental record, including the amended bill, have been certified by the district clerk as being "true and correct copies of all proceedings, instruments and other papers."  The certification further states that the contents of the supplemental record constitute "true and correct copies of all proceedings, instruments, and other papers specified by Rule [TEX. R. APP. P.] 34.5(a) and matters designated by the parties pursuant to [TEX. R. APP. P.] 34.5(b) in Cause No. 1337241, styled KETRICK MORRIS vs. The State of Texas in said court."  The certification was signed by a deputy clerk on behalf of the district clerk, who is entitled to receive payment for court costs.  *See id.* art. 103.003(a) (Vernon Supp. 2012).  The document itself has also been certified by the district clerk as "a true and correct copy of the original record filed and or recorded" in his office.  The certification was also signed by a deputy clerk on behalf of the district clerk, who, as stated, is entitled to receive payment for court costs.  *See id.*  In *Cardenas*, we addressed a similar argument on rehearing.  We determined that the bill of costs filed as part of a supplemental record substantially satisfied article 103.001 because the bill is "written," it contains "the items of cost," and it is "signed" by a deputy clerk on behalf of the district clerk, who is "the officer who is entitled to receive payment for the cost."  *Cardenas*, 2013 WL 1162365, at *6 n.6.  We reach the same conclusion here.

7

Rule 23.1 of the Texas Rules of Appellate Procedure vests a trial court with the authority to correct clerical mistakes or errors in a judgment or order through entry of a nunc pro tunc judgment so long as the defendant has not appealed. *See* TEX. R. APP. P. 23.1; *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994) (interpreting former rule of appellate procedure 36, predecessor to current rule 23.1). Rule of Appellate Procedure 25.2(g) provides, "Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." TEX. R. APP. P. 25.2(g); *see also Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) (interpreting former appellate rule 40(b)(2), predecessor to current rule 25.2). Thus, a trial court may not render a judgment nunc pro tunc after the appellate record is filed in the court of appeals. *See* TEX. R. APP. P. 25.2(g); *see also Green*, 906 S.W.2d at 939.

Here, the appellate record had been filed in this Court when the nunc pro tunc judgment was signed on February 7, 2013. Accordingly, the trial court no longer had jurisdiction to sign the nunc pro tunc judgment. *See* TEX. R. APP. P. 25.2(g); *see also Green*, 906 S.W.2d at 939 (holding findings of fact and conclusions of law, entered after filing of appellate record, were void). Because the trial court lacked jurisdiction to sign the judgment nunc pro tunc to correct its judgment after the appellate record in this case was filed, we disregard the nunc

8

pro tunc judgment contained in the supplemental clerk's record. We review the original judgment signed on August 23, 2012, assessing costs of $279.

A defendant convicted of a felony offense must pay certain statutorily mandated costs and fees, which vary depending on the type of offense, the underlying facts, and procedural history of the case. *See Owen v. State*, 352 S.W.3d 542, 546 n.5 (Tex. App.—Amarillo 2011, no pet.) (providing an extensive list of Texas statutes requiring convicted persons to pay costs and fees). The record demonstrates that appellant was convicted of a felony in district court, supporting each of the following costs listed in the amended bill of costs:

- $40 "clerk's fee" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.005(a) (Vernon 2006) ("A defendant convicted of an offense in . . . a district court shall pay for the services of the clerk of the court a fee of $40."));

- $5 "security fee" (*See id*. art 102.017(a) (Vernon Supp. 2012) ("A defendant convicted of a felony offense in a district court shall pay a $5 security fee as a cost of court."));

- $133 "consolidated court costs" (*See* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (Vernon Supp. 2012) (entitled "Consolidated Fees on Conviction" and providing, "A person convicted of an offense shall pay as a court cost, in addition to all other costs . . . $133 on conviction of a felony. . . ."));

- $4 "jury reimbursement fee" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.0045(a) (Vernon Supp. 2012) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code."));

9

- $25 "DC records preservation" (*See id.* art. 102.005(f) ("A defendant convicted of an offense in a . . . district court shall pay a fee of $25 for records management and preservation services performed by the county as required by Chapter 203, Local Government Code."));

- $2 "support of indigent defense" (*See* TEX. LOC. GOV'T CODE ANN. § 133.107(a) (Vernon Supp. 2012) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code."));

- $6 "support of judiciary fee" (*See id.* § 133.105(a) (Vernon 2008) ("A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $6 to be used for court-related purposes for the support of the judiciary.")); and

- $4 "court technology fund" (*See* TEX. CODE CRIM. PROC. ANN. art. 102.0169(a) (Vernon Supp. 2012) ("A defendant convicted of a criminal offense in a . . . district court shall pay a $4 . . . district court technology fee.")).

The amended bill of costs also lists a sheriff's fee of $15. The record supports assessment of each of the costs constituting the sheriff's fee, as follows:

- $5 "commitment" and $5 "release" (*See id.* art. 102.011(a)(6) (Vernon Supp. 2012) ("A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . .")); and

- $5 "arrest without warrant or capias" (*See id.* art. 102.011(a)(6) ("A defendant convicted of a felony or a misdemeanor shall pay

10

the following fees for services performed in the case by a peace officer . . . $5 for commitment or release . . . .")).[4]

The amended bill of costs reflects total costs of $234. Thus, the amended bill of costs supports an assessment of court costs in the amount of $234 but does not support the $279 costs assessment ordered in the judgment.

We have the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we overrule appellant's sole issue, but we modify the trial court's August 23, 2012 judgment to reflect an assessment of $234 in court costs. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (appellate court has authority to modify incorrect judgment when necessary information is available to do so); TEX. R. APP. P. 43.2(b).

---

[4] In his second objection to the supplemental record, appellant contends that "the Code of Criminal Procedure mandates that there be a fee record for any Sheriff's costs." *See* TEX. CODE CRIM. PROC. ANN. art. 103.009 ("Each clerk of a court, county judge, justice of the peace, sheriff, constable, and marshal shall keep a fee record."). We addressed this argument on rehearing in *Cardenas*. There, as in this case, appellant "presents no authority that an article 103.009 fee record must be filed with a trial court to support the inclusion of a sheriff's fees among the costs of court chargeable to a defendant convicted of a crime." *Cardenas*, 2013 WL 1162365, at *6 n.10. In addition, as in *Cardenas*, appellant "also presents no argument that the events described in the appellate record did not actually occur, or that the corresponding costs were not legally authorized or were inaccurately assessed." *Id.*

We affirm the judgment, as modified.


Laura Carter Higley
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish.   Tex. R. App. P. 47.2(b).