# NO. 12-12-00373-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *VANESSA ASHLEY ASHFORD,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Vanessa Ashley Ashford appeals her conviction for aggravated robbery.  She raises one issue on appeal relating to the imposition of court costs.   We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with the first degree felony offense of aggravated robbery.[1]  On August 20, 2012, Appellant pleaded guilty to the offense without an agreement on punishment.   After the trial court found Appellant guilty of aggravated robbery, a jury was selected to assess punishment.   The jury trial on punishment ended on August 22, 2012. Ultimately, the jury assessed Appellant's punishment at fifty years of imprisonment.   The trial court sentenced Appellant to fifty years of imprisonment, made an affirmative deadly weapon finding, and ordered that court costs be paid.

The judgment assessed $274.00 in court costs, but when it was signed, the record did not contain a bill of costs.

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

## SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

Appellant argues that the trial court erred by imposing court costs that were not supported by a bill of costs and by ordering the court costs to be withdrawn from her inmate trust account. After Appellant filed her brief, the record was supplemented with a bill of costs. Accordingly, we review Appellant's issue as a challenge to the sufficiency of the evidence supporting court costs. *See Johnson v. State*, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet.) (permitting supplementation of record with bill of costs and conducting sufficiency analysis).[2]

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson*, 2013 WL 3054994, at *3.

Some court costs, such as attorney's fees, may not be assessed against a defendant if she was found indigent because her indigence is presumed to continue throughout the remainder of the proceedings "unless a material change in [her] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2012). If a trial court does not make a determination that a defendant's financial circumstances materially changed that is also supported by some factual basis in the record, the evidence will be insufficient to impose attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2012); *Mayer*, 309 S.W.3d

---

[2] In her brief, Appellant argues that her due process rights were violated because the imposition of court costs contained in the withdrawal order attached to the judgment was issued without informing her of the statutory basis of the withdrawal. She contends that, because the bill of costs was not included in the record, she has no way to determine, or challenge, whether the costs were correctly assessed. Because the record was supplemented with a bill of costs and the basis for the costs imposed is now under review, we need not discuss Appellant's due process argument. *See* TEX. R. APP. P. 47.1; *see also Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *7 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication).

at 553; ***Wolfe v. State***, 377 S.W.3d 141, 144, 146 (Tex. App.—Amarillo 2012, no pet.).

**Discussion**

The judgment of conviction reflects that the trial court assessed $274.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $274.00. The supplemented clerk's record contains two separate bills of costs. On October 26, 2012, a bill of costs was filed that assessed $304.00 in court costs. On March 27, 2013, the second bill of costs was filed that assessed $274.00 in court costs, but showed a remaining balance of $264.00.

The difference between the first and second bill of costs is that the "video tape fee" listed in the October 26, 2012 bill of costs is not listed in the March 27, 2013 bill of costs. We have reviewed each of the fees listed in the March 27, 2013 bill of costs and attorney's fees are not imposed. Because some costs have already been paid, the evidence is insufficient to support the trial court's assessment of $274.00 in court costs as reflected in its judgment and withholding order. *See, e.g.,* ***Muller v. State***, 12-12-00269-CR, 2013 WL 3243522, at *2-3 (Tex. App.–Tyler June 25, 2013, no pet. h.) (mem. op., not designated for publication) (modifying judgment to reflect payment of properly assessed costs); ***Johns v. State***, Nos. 07-10-0303-CR, 07-10-0304-CR, 2011 WL 832837, at *2 (Tex. Ap.–Amarillo Mar. 10, 2011, pet. ref'd) (mem. op., not designated for publication) (modifying judgment to reflect that payment of properly assessed costs were paid in full). The evidence is, however, sufficient to support the imposition of $264.00 in court costs. Accordingly, we sustain Appellant's sole issue in part.[3]

## DISPOSITION

Having sustained Appellant's sole issue in part, we modify the trial court's judgment to reflect that the amount of court costs is $264.00. *See* TEX. R. APP. P. 43.2(b). We also modify

---

[3] The State argues that Appellant was required to preserve error in order to challenge the assessment of costs. We disagree. *See Cardenas*, 2013 WL 1164365, at *5 ("contemporary objection in the trial court is not required" to challenge the assessment of costs) (citing *Mayer v. State*, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010) ("A claim regarding sufficiency of the evidence need not be preserved for review at the trial level and is not waived by the failure to do so.")). The State also argues that Appellant should not be allowed to benefit from an incomplete record when it fails to request a bill of costs be included in the record on appeal. We need not address this argument because the record has been supplemented with a bill of costs. *See* TEX. R. APP. P. 47.1.

3

Attachment A to delete the assessment of $274.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $264.00.  *See Ballinger v. State*, No. 12-12-00280-CR, 2013 WL 3054935, at \*3 (Tex. App.–Tyler June 19, 2013, no pet. h.) (not yet released for publication).   We *affirm* the judgment of the trial court as *modified*.   *See* TEX. R. APP. P. 43.2(b).


**SAM GRIFFITH**
Justice


Opinion delivered July 24, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)

4



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JULY 24, 2013**

**NO. 12-12-00373-CR**

**VANESSA ASHLEY ASHFORD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st Judicial District Court

of Smith County, Texas. (Tr.Ct.No. 241-0574-12)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's order of dismissal below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's order of dismissal below be **modified** to reflect that the amount of court costs is $264.00. We also modify Attachment A to delete the assessment of $274.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $264.00"; **and as modified**, the trial court's order of dismissal is **affirmed**; and that this decision be certified to the trial court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*