# NOS. 12-12-00332-CR
# 12-12-00345-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BENJAMIN DELAND WHITE,* *APPELLANT* | § | *APPEALS FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Benjamin Deland White appeals his convictions for the offenses of engaging in organized criminal activity (trial court cause number 114-0606-11, appellate cause number 12-12-00332-CR) and aggravated robbery (trial court cause number 114-0607-11, appellate cause number 12-12-00345-CR). Appellant raises one issue on appeal relating to the imposition of court costs. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment for the offenseS of engaging in organized criminal activity and aggravated robbery.[1] On August 4, 2011, Appellant pleaded guilty to both offenses. The trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for a period of ten years in both cases.

The State filed an application to proceed to final adjudication in both cases on November 29, 2011, and amended its applications on July 27, 2012. On September 20, 2012, Appellant pleaded

---

[1] *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011), § 71.02(a)(1) (West Supp. 2012).

"true" to the allegations in each of the State's amended applications. The trial court found the allegations to be "true," revoked Appellant's community supervision in each case, and adjudicated Appellant guilty of engaging in organized criminal activity and aggravated robbery. The trial court assessed punishment at twenty-five years of imprisonment, made an affirmative deadly weapon finding, and ordered court costs paid in each case.

The judgment adjudicating guilt for engaging in organized criminal activity assessed $574.00 in court costs. The judgment adjudicating guilt for aggravated robbery assessed $584.00 in court costs. At that time, the bill of costs was not in the record in either case.

### SUFFICIENCY OF THE EVIDENCE SUPPORTING COURT COSTS

Appellant argues that the trial court erred by imposing court costs that were not supported by the bill of costs and by ordering the court costs to be withdrawn from his inmate trust account. We construe Appellant's issue as a challenge to the sufficiency of the evidence supporting court costs. After Appellant filed his brief, the record in each case was supplemented with a bill of costs. *See* ***Johnson v. State***, No. 12-12-00289-CR, 2013 WL 3054994, at *2 (Tex. App.—Tyler June 19, 2013, no pet.) (permitting supplementation of record with bill of costs and conducting sufficiency analysis).[2]

**Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See* ***Armstrong v. State***, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).[3] We measure sufficiency by reviewing the record in the light most favorable to the award. ***Mayer v.***

---

[2] In his brief, Appellant argues that his due process rights were violated because the imposition of court costs contained in the withdrawal order attached to the judgment was issued without informing him of the statutory basis of the withdrawal. He contends that, because the bill of costs was not included in the record, he has no way to determine, or challenge, whether the costs were correctly assessed. Because the record was supplemented with a bill of costs and the basis for the costs imposed is now under review, we need not discuss Appellant's due process argument. *See* TEX. R. APP. P. 47.1; *see also* ***Cardenas v. State***, No. 01-11-01123-CR, 2013 WL 1164365, at *7 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication).

[3] In its brief, the State argues that Appellant was required to preserve error in order to challenge the assessment of costs and that Appellant is required to request that the bill of costs be included in the record. We disagree with both of these contentions. A challenge to the sufficiency of the evidence need not be preserved at the trial level and is not waived by the failure to do so. ***Mayer v. State***, 309 S.W.3d 552, 555 (Tex. Crim. App. 2010); ***Cardenas***, 2013 WL 1164365, at *5. Furthermore, Article 103.006 of the code of criminal procedure does not condition the inclusion of a bill of costs in the record upon a party's request. The language of Article 103.006 makes the dissemination of a bill of costs mandatory upon a criminal action's transfer or appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006).

*State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, No. 01-11-01123-CR, 2013 WL 1164365, at *6 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (not yet released for publication). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and is generally not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2006); *Armstrong*, 340 S.W.3d at 767; *see also Johnson*, 2013 WL 3054994, at *3.

## Discussion

The judgment adjudicating guilt for engaging in organized criminal activity reflects that the trial court assessed $574.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $574.00. The bill of costs contained in the supplemental record assesses $274.00 in court costs, but shows that the remaining balance is $173.24. The evidence is insufficient to support the imposition of $574.00 in court costs. The evidence is sufficient, however, to support the imposition of $173.24 in court costs—the remaining balance of the properly assessed costs. *See, e.g.*, *Lack v. State*, No. 12-13-00052-CR, 2013 Tex. App. LEXIS 9527, at *3-4 (Tex. App.—Tyler July 31, 2013, no pet. h.) (mem. op., not designated for publication); *Ashford v. State*, No. 12-12-00373-CR, 2013 Tex. App. LEXIS 9115, at *5 (Tex. App.—Tyler July 24, 2013, no pet. h.) (mem. op., not designated for publication).

The judgment adjudicating guilt for aggravated robbery reflects that the trial court assessed $584.00 in court costs. The judgment includes a document identified as "Attachment A Order to Withdraw Funds," which states that Appellant has incurred "[c]ourt costs, fees and/or fines and/or restitution" in the amount of $584.00. The bill of costs contained in the supplemental record assesses $284.00 in court costs, but shows that the remaining balance is $259.73. The evidence is insufficient to support the imposition of $584.00 in court costs. The evidence is sufficient, however, to support the imposition of $259.73 in court costs—the remaining balance of the properly assessed costs. *See, e.g.*, *Lack*, 2013 Tex. App. LEXIS 9527, at *3-4; *Ashford*, 2013 Tex. App. LEXIS 9115, at *5. Accordingly, we sustain Appellant's sole issue in part.

## DISPOSITION

Having sustained Appellant's sole issue in part, we ***modify*** the trial court's judgment in both

cause numbers.

In cause number 12-12-00332-CR, we modify the judgment adjudicating guilt to reflect that the amount of court costs assessed is $173.24. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $574.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $173.24. *See **Ballinger v. State***, No. 12-12-00280-CR, 2013 WL 3054935, at *3 (Tex. App.—Tyler June 19, 2013, no pet.) (not yet released for publication). We *affirm* the judgment of the trial court *as modified* in cause number 12-12-00332-CR. *See* TEX. R. APP. P. 43.2(b).

In cause number 12-12-00345-CR, we modify the judgment adjudicating guilt to reflect that the amount of court costs assessed is $259.73. *See* TEX. R. APP. P. 43.2(b). We also modify Attachment A to delete the assessment of $584.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $259.73. *See **Ballinger***, 2013 WL 3054935, at *3. We *affirm* the judgment of the trial court *as modified* in cause number 12-12-00345-CR. *See* TEX. R. APP. P. 43.2(b).

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 7, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### AUGUST 7, 2013

### NO. 12-12-00332-CR

**BENJAMIN DELAND WHITE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeals from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-0606-11)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs assessed is $173.24. We also modify Attachment A to delete the assessment of $574.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $173.24; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

5



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### AUGUST 7, 2013

### NO. 12-12-00345-CR

**BENJAMIN DELAND WHITE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeals from the 114th Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 114-0607-11)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgments below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the amount of court costs assessed is $259.73. We also modify Attachment A to delete the assessment of $584.00 and to state that the total amount of "court costs, fees and/or fines and/or restitution" is $259.73; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*