# NO. 12-20-00193-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT L. CLARK, SR.,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Robert L. Clark, Sr. appeals his conviction for theft of property with a value of between fifty and five hundred dollars. In three issues, he argues that the evidence is insufficient to support the trial court's judgment and that the trial court's assessment of costs for attorney's fees and a "time payment" fee are improper. We modify and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with theft of property with a value of between fifty and five hundred dollars and pleaded "not guilty." The matter proceeded to a jury trial. A jury found Appellant "guilty" as charged and, ultimately, assessed his punishment at confinement for ninety days. The trial court sentenced Appellant accordingly, and this appeal followed.[1]

---

[1] Appellant timely filed his notice of appeal on July 29, 2014. On July 29, 2014, the docketing statement was due to be filed. *See* TEX. R. APP. P. 32.2. We did not receive the notice of appeal until August 11, 2020. On August 11, this court notified Appellant that a docketing statement was to be filed and gave him until August 24, to file it. Thereafter, when no docketing statement was filed, this court again notified Appellant on September 25, that the docketing statement was past due and gave him until October 5, to file it. On October 7, this Court remanded the case to the trial court so that it could make findings regarding Appellant's indigent status and his desire for appointment of counsel.

In his first issue, Appellant argues that the evidence is legally insufficient to support his conviction for theft. Specifically, Appellant contends that there is no evidence that he acted as a party to the commission of the offense by his wife.

**Standard of Review and Applicable Law**

The ***Jackson v. Virginia***[2] legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *See **Brooks v. State***, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson***, 443 U.S. at 315–16, 99 S. Ct. at 2786–87; *see also **Escobedo v. State***, 6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref'd). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; ***Johnson***, 871 S.W.2d at 186. A jury is free to believe all or any part of a witness's testimony or disbelieve all or any part of that testimony. *See **Lee v. State***, 176 S.W.3d 452, 458 (Tex. App.–Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006). A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. ***Rodriguez v. State***, 521 S.W.3d 822, 827 (Tex. App.–Houston [1st Dist.] 2017, no pet.) (citing ***Sorrells v. State***, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011)). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *See **Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Juries are permitted to draw multiple reasonable inferences as long as each inference is supported by the evidence presented at trial. ***Id.*** at 15. Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. ***Id.*** An inference is a

---

[2] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

conclusion reached by considering other facts and deducing a logical consequence from them, while speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id.* at 16.

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

## Discussion

In order to prove that Appellant was "guilty" as charged as a party to theft, the State was required to demonstrate that Appellant unlawfully appropriated the property with the intent to deprive the owner of the property. *See* TEX. PENAL CODE ANN. § 31.03(a) (West 2019). An "owner" is a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor." *Id.* § 1.07(a)(35) (West 2021). "Possession" is defined as "actual care, custody, control, or management." *Id.* § 1.07(a)(39).

A person is criminally responsible as a party to an offense if the offense is committed by his conduct or by the conduct of another for which he is criminally responsible. *Id.* § 7.01(a) (West 2021). A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2) (West 2021). We may look to events occurring before, during, and after the commission of the offense when determining whether a person participated as a party, and we may rely on actions of the defendant that show an understanding and common design to do the prohibited act. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994) (op. on reh'g); *Jackson v. State*, 487 S.W.3d 648, 655 (Tex. App.–Texarkana 2016, pet. ref'd). Circumstantial evidence may be sufficient to show that a person is a party to an offense. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987); *Davison v. State*, 602 S.W.3d 625, 633 (Tex. App.– Texarkana 2020, pet. ref'd).

3

**Discussion**

In the instant case, Jessica Gardner testified that, as of the date in question, she had been a Wal-Mart asset protection/loss prevention employee for three years. Gardner described her job duties to include walking around the store looking for suspicious activity, such as "people['s] stealing stuff by putting it in their purses and walking out the door with it, or [going] in the self-checkout and not ringing up everything that they have placed in the bags." Gardner identified Appellant as the person she detained along with his wife on January 29, 2014, for "stealing merchandise" at the Wal-Mart located on Highway 64 in Tyler, Smith County, Texas. According to Gardner, she first noticed the couple in the apparel department because Appellant's wife selected items while he "just kept looking around like he was watching out for her" and they both were behaving nervously. Gardner continued to observe the couple as they made their way through the store and placed twelve items in their cart before heading to the "self-checkout" aisle. Gardner stated that she watched Appellant scan "the three food items that they did pay for," and then, he and his wife changed positions so that Appellant was handing his wife the remaining "clothing items and shoes" from their cart, which she did not even attempt to scan before placing the items in bags.[3] Gardner further stated that the couple did not have permission to take these items without scanning or paying for them. Gardner testified that after the couple paid for the items they did scan, they left the self-checkout area with all the items, both those purchased as well as those potentially purloined, stood in front of the in-store McDonald's restaurant for a moment, and then began to exit the store. According to Gardner, she stopped the couple in the vestibule as they were exiting the store and asked them to give her the merchandise for which they did not pay. In response, Appellant claimed to have "accidently" failed to scan the items or to have forgotten to do so. Gardner stated that the items Appellant did scan cost him less than $10. Thereafter, Gardner contacted the police, and Appellant and his wife both were arrested for theft.

On cross examination, Gardner testified that there was no video recording of the incident because the camera for that self-checkout station was inoperable at that time. She also conceded that the stolen items were primarily women's items of clothing and that Appellant's wife was positioned at the scanner when she placed the items in the bags without scanning them. She further testified that Appellant offered to pay for the items that he claimed accidently to have

---

[3] The jury was shown a picture of the items the couple failed to scan, which included, "three dresses, a sweater, some cherry mixed fruit cups, two pairs of shoes, and a pair of socks." The value of the unscanned items was $143.53 excluding sales tax.

failed to scan. On redirect examination, the State elicited testimony from Gardner that Appellant appeared to be acting as a "lookout" while the two were shopping in the apparel department. Moreover, Gardner testified that Appellant, while standing next to his wife at the scanner, "actually [was] bypassing the scanner" as he handed the items to his wife to be bagged. Lastly, she reiterated that Appellant paid less than ten dollars for a bag containing almost one hundred fifty dollars worth of apparel.

Based on our review of the record, there was ample evidence to permit a jury to find beyond a reasonable doubt that Appellant committed theft as a party to the offense. Such evidence includes testimony that (1) Appellant was observed as appearing to act as a "lookout" while his wife selected items, (2) Appellant switched places with his wife, while handing her items in such a way as to bypass the scanner, which items she placed in grocery bags, (3) Appellant paid less than ten dollars for items valued at nearly one hundred fifty dollars, and (4) Appellant claimed accidentally to have failed to scan a comparatively large number of items compared to the few items he did scan. Because a jury reasonably could find beyond a reasonable doubt that Appellant acted with intent either to aid or attempt to aid his wife to commit theft, we hold that the evidence is legally sufficient to support the finding that Appellant is criminally responsible as a party to that theft. *See* TEX. PENAL CODE ANN. §§ 7.01(a), 7.02(a)(2). Appellant's first issue is overruled.

## COURT COSTS - ATTORNEY'S FEES

In his second issue, Appellant argues that the trial court erred in assessing attorney's fees against him as court costs because the evidence is legally insufficient to support the costs assessed.

### Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 403 S.W.3d 377, 388 (Tex.–Houston [1st Dist.] 2013, no pet.). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and generally is not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West

2018); ***Armstrong***, 340 S.W.3d at 767; *see also **Johnson v. State***, 405 S.W.3d 350, 354 (Tex. App.–Tyler 2013, no pet.).

Some court costs, such as attorney's fees, may not be assessed against a defendant if he was found indigent because his indigence is presumed to continue throughout the remainder of the proceedings "unless a material change in [his] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2020). If a trial court does not make a determination that a defendant's financial circumstances materially changed, which determination also is supported by some factual basis in the record, the evidence will be insufficient to impose attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2020); ***Mayer***, 309 S.W.3d at 553; ***Wolfe v. State***, 377 S.W.3d 141, 144, 146 (Tex. App.– Amarillo 2012, no pet.).

In the instant case, the trial court's judgment reflects that it ordered Appellant to pay court costs. A certified bill of costs appears in the record itemizing the balance of the court costs imposed, which total $874.00. That bill of costs includes an item listed as "attorney's fees" in the amount of $600.00.

The State concedes that the attorney's fees set forth in the bill of costs is improper. We agree. Although the record does not contain an affidavit or other explicit finding of indigency made at the outset of Appellant's trial proceedings, it does indicate that Appellant's trial attorney was appointed by the trial court. Moreover, Appellant's attorney on appeal was appointed by the trial court after it made a finding that Appellant is indigent. There is no evidence in the record to rebut the presumption that Appellant's indigence continued throughout the proceedings in the trial court, as well as during the pendency of this appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); ***Wolfe***, 377 S.W.3d at 144. As a result, we hold that the evidence is insufficient to support the imposition of attorney's fees as court costs. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), 26.05(g); ***Mayer***, 309 S.W.3d at 553; ***Wolfe***, 377 S.W.3d at 146. Appellant's second issue is sustained.

## TIME PAYMENT FEE

In his third issue, Appellant argues that costs attributable to the time payment fee, as set forth in the trial court's bill of costs, is unconstitutional.

As set forth previously, the trial court's judgment sets forth that Appellant is obligated to pay court costs in the amount of $874.00. The bill of costs itemizes the court costs imposed, which total $874.00. The bill of costs also includes a $25.00 "time payment" fee. Furthermore, it includes a statement that if the balance of court costs is paid "within thirty days from the court date of 7/22/14," the time payment fee of $25.00 will be deducted. *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c), *redesignated as* TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

The court of criminal appeals recently has held that the pendency of an appeal "stops the clock" for the purposes of the time payment fee. ***Dulin v. State***, 620 S.W.3d 129, 133 (Tex. Crim. 2021). Consequently, the assessment of the time payment fee in Appellant's case is premature and should be struck in its entirety, without prejudice to its being assessed later if, more than thirty days after the issuance of the appellate mandate, the defendant has failed completely to pay any fine, court costs, or restitution that he owes. ***Id.***[4]

### DISPOSITION

Having sustained Appellant's second issue and based on our discussion related to his third issue, we ***modify*** the trial court's judgment to reflect that Appellant's court costs are $249.00 by deleting the $600.00 in attorney's fees, as well as the $25.00 time payment fee, without prejudice to the time payment fee's being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay the fine, court costs, or restitution he owes. Having overruled Appellant's first issue, we ***affirm*** the trial court's judgment ***as modified***.

GREG NEELEY
Justice

Opinion delivered August 18, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[4] Because the fee assessment Appellant challenges in his first issue is premature, we do not consider the constitutionality of the fee. *See* TEX. R. APP. P. 47.1.

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 18, 2021**

**NO. 12-20-00193-CR**

**ROBERT L. CLARK, SR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Smith County, Texas (Tr.Ct.No. 001-80574-14)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that Appellant's court costs are $249.00 by deleting the $600.00 in attorney's fees, as well as the $25.00 time payment fee, without prejudice to the time payment fee's being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay the fine, court costs, or restitution he owes; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*