# NO. 12-21-00114-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SIRLEONARD DEWAYNE ARNOLD,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Sirleonard Dewayne Arnold appeals following the revocation of his community supervision. In one issue, Appellant argues that the trial court erred in assessing certain court costs against him. We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of less than one gram of cocaine. Pursuant to a plea bargain, Appellant pleaded "guilty." In accordance with the plea agreement, the trial court sentenced Appellant to imprisonment for two years but suspended the sentence and placed him on community supervision for five years.

Thereafter, the State filed a motion to proceed to revoke Appellant's community supervision, arguing that Appellant violated certain terms and conditions thereof. Following a hearing on the matter, the trial court found multiple violations alleged in the State's motion to be "true," revoked Appellant's community supervision, and sentenced him to imprisonment for fifteen months. This appeal followed.

## COURT COSTS

In his sole issue, Appellant argues that the "specialty court" fee listed in the bill of costs is not authorized by statute or supported by the record and should be removed.

### Standard of Review and Applicable Law

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 403 S.W.3d 377, 388 (Tex.–Houston [1st Dist.] 2013, no pet.). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and generally is not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); *Armstrong*, 340 S.W.3d at 767; *see also Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.–Tyler 2013, no pet.).

But where an appellant fails to file a notice of appeal within thirty days of being placed on community supervision, an appeal raising issues about the propriety of court costs after final adjudication is not timely with respect to the court costs assessed in the order of deferred adjudication. *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014); *see also Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013) (defendant whose community supervision was revoked forfeited challenge to court appointed attorney fees as court costs by failing to bring direct appeal from order originally imposing community supervision); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *accord Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (emphasizing that procedural default premised on an appellant's knowledge of and failure to challenge issue in appeal of community supervision order).

### Discussion

In response to Appellant's sole issue, the State contends that Appellant forfeited the issue by his failure to raise it timely. Based on our review of the record, Appellant agreed, as a condition of community supervision, to pay all court costs. In its order placing Appellant on community supervision, the trial court assessed court costs in the amount of $249.00.[1] The record also contains a certified bill of costs, which lists the total costs following Appellant's

---

[1] In its later order revoking Appellant's community supervision, the trial court assessed $104.00 in court costs, which is the same amount as the remaining balance of court costs previously assessed in the Bill of Costs.

adjudication of guilt at $264.00. The fifteen-dollar difference between the costs assessed in conjunction with the trial court's community supervision order and the bill of costs appears to stem from the "time payment" fee, which Appellant does not challenge in this appeal. *See **Dulin v. State***, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021); *see also **Turner v. State***, No. 05-19-01493-CR, 2021 WL 3083501, at *2 (Tex. App.–Dallas July 21, 2021, no pet.) (mem. op. on remand, not designated for publication) (holding that assessment of time payment fee for costs assessed in order placing defendant on deferred adjudication community supervision is not "judgment" as term is used by Section 133.103 authorizing time payment fee for unpaid costs on or after 31st day after date on which "judgment" is entered).

Based on the foregoing, we conclude that any complaints about the imposition of the $249.00 in court costs ordered in conjunction with the trial court's community supervision order, which includes the $25.00 "specialty court" fee, could and should have been made in a timely appeal of that order. *See **Perez***, 424 S.W.3d at 86. Appellant's failure to do so[2] constituted a procedural default. *See **id.*** (citing ***Wiley***, 410 S.W.3d at 320). Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 28, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] The record also reflects that, when Appellant pleaded "guilty" and was placed on community supervision, he waived his right to appeal. Specifically, Appellant signed a Waiver of Motion for New Trial and Motion in Arrest of Judgment and Waiver of Right to Appeal, which included a paragraph in which he acknowledged that he "does not wish to appeal his conviction and expressly waives his right to appeal." The trial court acknowledged the State's recommended punishment pursuant to the plea bargain, accepted Appellant's "guilty" plea, and sentenced Appellant in accordance with the State's recommendation. Appellant also signed an acknowledgment of receipt of a copy of the Trial Court's Certification of Defendant's Right of Appeal, which denoted that this "is a plea-bargain case, and the defendant has NO right of appeal." Thus appellant, at the time of the original order, specifically waived his right to appeal the imposition of those court costs. *See, e.g.*, ***Perez v. State***, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2022**

**NO. 12-21-00114-CR**

**SIRLEONARD DEWAYNE ARNOLD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-2055-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*