# NO. 12-21-00082-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LAONASHA YAMON HICKS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Laonasha Yamon Hicks appeals following the revocation of her deferred adjudication community supervision. In two issues, Appellant argues that the trial court erred in assessing certain court costs against her. We affirm.

### BACKGROUND

Appellant was charged by indictment with tampering with physical evidence. Pursuant to a plea bargain, Appellant pleaded "guilty." In accordance with the plea agreement, the trial court deferred finding Appellant "guilty" and placed her on community supervision for three years.

Thereafter, the State filed a motion to proceed to final adjudication, arguing that Appellant violated certain terms and conditions of her community supervision. Following a hearing on the matter, the trial court found multiple violations alleged in the State's motion to be "true," revoked Appellant's community supervision, adjudicated her "guilty" as charged, and sentenced her to imprisonment for three years. This appeal followed.

### COURT COSTS

In her first issue, Appellant argues that the trial court erroneously assessed attorney's fees against her as court costs because the evidence is legally insufficient to support the costs

assessed. In her second issue, she argues that the "specialty court" fee assessed in the bill of costs is not authorized by statute or supported by the record and should be removed.

**Standard of Review and Applicable Law**

A challenge to the sufficiency of the evidence supporting court costs is reviewable on direct appeal in a criminal case. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). We measure sufficiency by reviewing the record in the light most favorable to the award. *See Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Cardenas v. State*, 403 S.W.3d 377, 388 (Tex.–Houston [1st Dist.] 2013, no pet.). Requiring a convicted defendant to pay court costs does not alter the range of punishment, is authorized by statute, and generally is not conditioned on a defendant's ability to pay. *See* TEX. CODE CRIM. PROC. ANN. art. 42.16 (West 2018); *Armstrong*, 340 S.W.3d at 767; *see also Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.–Tyler 2013, no pet.).

However, some court costs, such as attorney's fees, may not be assessed against a defendant if she was found indigent because her indigence is presumed to continue throughout the remainder of the proceedings "unless a material change in [her] financial circumstances occurs." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2021). If a trial court does not make a determination that a defendant's financial circumstances materially changed, which determination also is supported by some factual basis in the record, the evidence will be insufficient to impose attorney's fees as court costs. *See id*. arts. 26.04(p), 26.05(g) (West Supp. 2021); *Mayer*, 309 S.W.3d at 553; *Wolfe v. State*, 377 S.W.3d 141, 144, 146 (Tex. App.– Amarillo 2012, no pet.).

But where an appellant fails to file a notice of appeal within thirty days of being placed on community supervision, an appeal raising issues about the propriety of court costs after final adjudication is not timely with respect to the court costs assessed in the order of deferred adjudication. *See Perez v. State*, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014); *see also Wiley v. State*, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013) (defendant whose community supervision was revoked forfeited challenge to court appointed attorney fees as court costs by failing to bring direct appeal from order originally imposing community supervision); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *accord Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015) (emphasizing that procedural default premised on an appellant's knowledge of and failure to challenge issue in appeal of community supervision order).

2

## Court Costs as Attorney's Fees

In the instant case, Appellant agreed, as a condition of community supervision, to pay all court costs, including any appointed counsel fee. In its order placing Appellant on deferred adjudication community supervision, the trial court assessed court costs in the amount of $611.50. In this appeal, Appellant argues that there is no evidence of her ability to pay the attorney's fees, which is an argument against the assessment of the fees as a whole. *See **Riles***, 452 S.W.3d at 337. Because Appellant asserted that there is not sufficient evidence to support the requirement that she pay attorney fees at all, the dollar amount of the fees would be inconsequential. *Id.* Thus, with the knowledge that she was being directed to pay some amount of attorney's fees, she would have known to appeal, regardless of the amount of those fees. *See id.* Therefore, we conclude that Appellant had enough information to know to challenge the assignment of attorney's fees as court costs with a direct appeal from the trial court's order placing her on deferred adjudication community supervision but failed to do so. *See id.* Accordingly, we hold that Appellant forfeited her sufficiency claim by failing to raise it timely. *See id.* Appellant's first issue is overruled.

## Specialty Court Fee

The State agrees that the specialty court account fee, along with other costs comprising the Local Consolidated Fee on Conviction of a Felony, improperly are assessed in this case because the offense date precedes the January 1, 2020 effective date of the statute authorizing that fee. *See* TEX. LOC. GOV'T CODE ANN. § 134.101(b) (West 2021). However, the State again contends that Appellant has forfeited the issue by her failure to raise it timely.

As set forth previously, the record reflects that Appellant agreed, as a condition of community supervision, to pay all court costs, and in its order placing Appellant on deferred adjudication community supervision, the trial court assessed court costs in the amount of $611.50.[1] The record also contains a certified bill of costs, which lists the total costs following Appellant's adjudication of guilt at $626.50. The fifteen-dollar difference between the costs assessed in conjunction with the trial court's deferred adjudication order and the bill of costs appears to stem from the addition of the "time payment" fee, which Appellant does not challenge

---

[1] In its later order adjudicating guilt, the trial court assessed $6.50 in court costs. However, it is unclear how this portion of the cost assessment, which Appellant could have challenged in this appeal, aligns with the fees listed in the bill of costs or whether Appellant intended to appeal any cost fairly included, in whole or in part, in this additional cost assessment.

in this appeal. *See **Dulin v. State***, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021); *see also **Turner v. State***, No. 05-19-01493-CR, 2021 WL 3083501, at *2 (Tex. App.–Dallas July 21, 2021, no pet.) (mem. op. on remand, not designated for publication) (holding that assessment of time payment fee for costs assessed in order placing defendant on deferred adjudication community supervision is not "judgment" as term is used by Section 133.103 authorizing time payment fee for unpaid costs on or after 31st day after date on which "judgment" is entered).

Based on the foregoing, we conclude that any and all complaints about the imposition of the $611.50 in court costs ordered in conjunction with the trial court's deferred adjudication order, which appears to include the $105.00 Local Consolidated Fee, could and should have been made in a timely appeal of that order. *See **Perez***, 424 S.W.3d at 86. Appellant's failure to do so[2] constituted a procedural default. *See **id.*** (citing ***Wiley***, 410 S.W.3d at 320). Appellant's second issue is overruled.

### DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 28, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] The record also reflects that, when Appellant pleaded "guilty" and was placed on deferred adjudication community supervision, she waived her right to appeal. Specifically, Appellant signed a Waiver of Motion for New Trial and Motion in Arrest of Judgment and Waiver of Right to Appeal, which included a paragraph in which she acknowledged that she "does not wish to appeal [her] conviction and expressly waives [her] right to appeal." The trial court acknowledged the State's recommended punishment pursuant to the plea bargain, accepted Appellant's "guilty" plea, and sentenced Appellant in accordance with the State's recommendation. Appellant also signed an acknowledgment of receipt of a copy of the Trial Court's Certification of Defendant's Right of Appeal, which denoted that this "is a plea-bargain case, and the defendant has NO right of appeal." Thus appellant, at the time of the original order, specifically waived her right to appeal the imposition of those court costs. *See, e.g.*, ***Perez v. State***, 424 S.W.3d 81, 85 (Tex. Crim. App. 2014).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 28, 2022**

**NO. 12-21-00082-CR**

**LAONASHA YAMON HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1762-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*